**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**


FILED
JUL 12 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOSE PAVA CASTILLO,

    Petitioner,

v.                           Case No. 2:11cv283

WAYNE WEBB, Warden,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On November 4, 2008, following a jury trial, petitioner Jose Pava Castillo was convicted in the Circuit Court of Fairfax County of abduction, robbery, and using a firearm in the commission of a felony. On March 5, 2009, Castillo was sentenced to serve an aggregate term of thirty-three years in prison, with five years

suspended. Castillo appealed to the Virginia Court of Appeals, which denied his petition for appeal per curiam on September 25, 2009, and then by a three-judge panel on December 22, 2009. Castillo further appealed to the Supreme Court of Virginia, which refused his petition for appeal on May 14, 2010.

On May 10, 2011,[1] while in the custody of the Maryland Department of Public Safety and Correctional Services at the Maryland Correctional Training Center in Hagerstown, Maryland,[2] Castillo submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 20, 2011, the Court received and filed his amended petition. ECF No. 3. On September 16, 2011, the respondent filed his Rule 5 answer, a motion for summary judgment accompanied by a supporting brief, and a Roseboro notice pursuant to Local Civil Rule 7(K). ECF Nos. 14-17. Castillo filed no response to the respondent's motion. On May 16, 2012, the Court entered an Order to Show Cause why summary judgment in favor of the respondent should not be granted with respect to claims not addressed by the respondent's motion. ECF No. 19. On June 11, 2012, the Court received and filed Castillo's response to the Order to Show Cause. ECF No. 20.

---

[1] Castillo's petition was received and docketed in this Court on May 19, 2011, but the petition appears to have been deposited in the prison mail system on May 10, 2011, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.
[2] Castillo is currently serving a twenty-five year sentence in the Maryland correctional system for a prior conviction there.

## B. **Grounds Alleged**

Castillo asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because:

(a) the petitioner's "speedy trial rights" under the Interstate Agreement on Detainers, Va. Code § 53.1-210, Art. III(a), were violated;

(b) the trial court abused its discretion in denying the petitioner's motion for a continuance to permit him to retain private defense counsel;

(c) the trial court erroneously admitted certain bank records into evidence at trial;

(d) the petitioner was convicted upon insufficient evidence with respect to a charge of using a firearm in the commission of a felony;

(e) the petitioner's conviction for both robbery and abduction violated the Double Jeopardy Clause; and

(f) the trial court erroneously denied the petitioner's proffered jury instruction on the "inherent dangers of eyewitness testimony" evidence.

Castillo asserted each of these six claims on direct appeal, and all six were denied on the merits by the Court of Appeals of Virginia. The Supreme Court of Virginia summarily refused his subsequent petition for appeal.

## II. ANALYSIS

### A. Claims Not Cognizable Under 28 U.S.C. § 2254

To the extent that the petitioner's claims are based on Virginia state law, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also 28 U.S.C. § 2241. Claims concerning the violation of state procedural rules alone are not cognizable on federal habeas review absent a showing of a "complete miscarriage of justice." See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). The burden to make such a showing is on the petitioner. See id.

#### 1. Interstate Agreement on Detainers

In claim (a), the petitioner seeks habeas relief on the ground that his right to a speedy trial under Article III(a) of the Interstate Agreement on Detainers (the "IAD") was violated. Article III(a) of the IAD, as enacted by the Virginia legislature, provides that

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the

> prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Va. Code § 53.1-210 art. III(a). Castillo claims that his rights under Article III(a) of the IAD were violated because he was not brought to trial within 180 days of his August 14, 2007, request for a final disposition of the Virginia charges.[3]

The Fourth Circuit has previously held that a violation of the 180-day time provision of the IAD does not constitute a fundamental defect and thus is not cognizable on federal habeas corpus review absent a showing of prejudice. Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985). Castillo does not allege any facts to establish prejudice as a result of the IAD violation claimed.

---

[3] The Court notes that Maryland, where the petitioner was and continues to be incarcerated, is also a party to the IAD. See Md. Code, Corr. Servs. §§ 8-401 et seq. The petitioner was tried before a jury in Virginia on November 3, 2008, more than a year after his request for a final disposition.

Without such a showing, the claimed violation of his "speedy trial rights" under Article III(a) of the IAD is simply not cognizable under 28 U.S.C. § 2254. See id.

Accordingly, the Court FINDS that Castillo's claim (a) is not cognizable on federal habeas review. The Court therefore recommends denying the petition with respect to claim (a).

### 2. **Admissibility of Bank Records**

In claim (c), the petitioner seeks habeas relief on the ground that the trial court erroneously admitted certain bank records into evidence at trial without proper authentication. But "[a] state court's resolution of an evidentiary question generally does not give rise to a cognizable claim under § 2254." Fullwood v. Lee, 290 F.3d 663, 692 (4th Cir. 2002). "In particular, absent 'circumstances impugning fundamental fairness or infringing specific constitutional protections,' admissibility of evidence does not present a federal question. Moreover, errors in interpretation of state evidentiary law do not give rise to a due process violation." Robinson v. Cross, 121 F. Supp. 2d 882, 884-85 (E.D. Va. 2000); see also Wallace v. Lockhart, 701 F.2d 719, 724 (8th Cir. 1983) (challenge to admissibility of evidence on authentication grounds was a "matter[] of state law . . . not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process"); Tyson v. Tilghman, 764

F. Supp. 251, 253 (D. Conn. 1991) (challenge to authenticity of certain evidence failed to state a cognizable constitutional claim). Castillo alleges no facts to suggest the existence of "circumstances impugning fundamental fairness or infringing specific constitutional protections." Without such a showing, the alleged error is merely one of state evidentiary law, not cognizable under 28 U.S.C. § 2254.

Accordingly, the Court FINDS that Castillo's claim (c) is not cognizable on federal habeas review. The Court therefore recommends denying the petition with respect to claim (c).

B. **Claims Cognizable on the Merits Under 28 U.S.C. § 2254**

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).

Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Finally, because the Supreme Court of Virginia summarily refused Castillo's petition for appeal, this Court looks to the disposition of his direct appeal to the Virginia Court of Appeals as the last reasoned state judgment on these claims. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

### 1. Denial of the Petitioner's Motion for a Continuance

In claim (b), the petitioner contends that the trial court abused its discretion in denying his motion for a continuance to permit him to retain private defense counsel. The Virginia Court of Appeals considered this claim on direct appeal and rejected it on its merits.

In denying the petitioner's denial-of-continuance claim, the state court noted that Castillo's motion was made on the date of trial, more than four months after a public defender had been appointed to represent him, and that the trial had already been continued on two previous occasions—once on the motion of the petitioner, and once on the Commonwealth's motion with the petitioner's acquiescence. The state court found no exceptional circumstances to justify delay, and thus no abuse of discretion by the trial court in denying the motion for a continuance.

Because the Virginia Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d); Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

There is nothing in the record to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale is a reasonable application of Morris v. Slappy, 461 U.S. 1 (1983), which provides the controlling standard for evaluating whether a

trial court's denial of a continuance violates a criminal defendant's right to the assistance of counsel. See id. at 11-12 ("[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel.").

Accordingly, the Court FINDS that Castillo's claim (b) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (b).

## 2. Sufficiency of the Evidence

In claim (d), the petitioner contends that he was convicted upon insufficient evidence with respect to the using-a-firearm-in-the-commission-of-a-felony charge. The Virginia Court of Appeals considered this claim on direct appeal and rejected it on its merits.

In denying the petitioner's insufficient evidence claim, the state court noted that the victim testified at trial that the petitioner robbed her at gunpoint, brandishing his firearm as he approached her and pointing it at her throughout the ordeal, which

included a drive of some distance from the place where she first encountered the petitioner to a bank where he forced her to withdraw money from an ATM. The state court found that "[t]he victim's testimony was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [the petitioner] committed the charged [firearm] offense." Castillo v. Commonwealth, Record No. 0417-09-4, slip op. at 5 (Va. Ct. App. Sept. 25, 2009).

Because the Virginia Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d); Richter, 131 S. Ct. at 786-87.

There is nothing in the record to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale is a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979), which provides the controlling standard for evaluating insufficient evidence claims. See id. at 319 (holding that, on federal habeas review, "the relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original).

Accordingly, the Court FINDS that Castillo's claim (d) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (d).

### 3. **Double Jeopardy**

In claim (e), the petitioner contends that his conviction for both robbery and abduction violated the Double Jeopardy Clause because his abduction of the victim was merely incidental to his commission of a robbery. The Virginia Court of Appeals considered this claim on direct appeal and rejected it on its merits.

In denying the petitioner's double jeopardy claim, the state court cited <u>Brown v. Commonwealth</u>, 337 S.E.2d 711 (Va. 1985), a double jeopardy case in which the Supreme Court of Virginia considered the intent of the Virginia General Assembly in crafting the abduction statute under which the petitioner was charged. See <u>Jones v. Sussex I State Prison</u>, 591 F.3d 707, 710 (4th Cir. 2010).

- 12 -

The state court noted that, under Brown, a defendant may be convicted of both abduction and robbery "only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime." Brown, 337 S.E.2d at 714; see also Jones, 591 F.3d at 710. The state court then specifically found that forcing the victim to drive from one location, where an ATM was available, to another location, where the petitioner forced the victim to withdraw cash from another ATM, was "separate and apart from the robbery." Castillo, slip op. at 6.

Because the Virginia Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d); Richter, 131 S. Ct. at 786-87.

There is nothing in the record to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale is a reasonable application of Garrett v. United States, 471 U.S. 773 (1985), and Missouri v. Hunter, 459 U.S. 359 (1983), which

provide the controlling standard for evaluating double jeopardy claims. See Jones, 591 F.3d at 710. Moreover, the Court notes that "[t]he Supreme Court has placed the state legislative definition of the crime at the heart of double jeopardy analysis." Id. (quoting Sanderson v. Rice, 777 F.2d 902, 904 (4th Cir. 1985)). Thus, this Court is "essentially bound" by the Brown court's interpretation of state legislative intent with respect to the abduction statute. See id.

Accordingly, the Court FINDS that Castillo's claim (e) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (e).

### 4. Rejection of Proffered Jury Instruction

In claim (f), the petitioner contends that the trial court erred in denying a proffered jury instruction on the "inherent dangers of eyewitness testimony" evidence. The Virginia Court of Appeals considered this claim on direct appeal and rejected it on its merits.

In denying the petitioner's jury instruction claim, the state court cited several state appellate decisions and noted that, where

the jury has already been properly instructed on witness credibility, further instruction concerning the credibility and reliability of eyewitness identification testimony is repetitious, unnecessary, and inappropriate. The state court further found that the victim's identification testimony admitted no uncertainty, and that the jury had been properly instructed on witness credibility, reasonable doubt, and burden of proof. Ultimately, the Virginia Court of Appeals found no abuse of discretion in the trial court's refusal to give the proffered instruction to the jury.

Because the Virginia Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d); Richter, 131 S. Ct. at 786-87.

There is nothing in the record to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale is a reasonable application of Waddington v. Sarausad, 555 U.S. 179 (2009), Middleton v. McNeil, 541 U.S. 433 (2004), and Henderson v. Kibbe, 431 U.S. 145 (1977), which provide the controlling standard

for evaluating due process claims involving allegedly erroneous jury instructions. In particular, the Court notes that there is nothing in the record to suggest that the omission of this instruction "so infected the entire trial that the resulting conviction violates due process." See Henderson, 431 U.S. at 154 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The petitioner has failed to articulate any prejudice caused by this alleged omission of a jury instruction, confining his arguments to non-cognizable issues of state law alone. See generally Wright, 151 F.3d at 158.

Accordingly, the Court FINDS that Castillo's claim (f) was previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (f).

### III. CONCLUSION

Castillo's claims (a) and (c) are not cognizable on federal habeas review. His claims (b), (d), (e), and (f) were previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and there is no indication from the record that this adjudication on the merits was contrary to, or involved an

unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends summary judgment be granted to the respondent, and that the instant petition be denied and dismissed with prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the respondent's motion to for summary judgment (ECF No. 14) be GRANTED, Castillo's amended petition for writ of habeas corpus (ECF No. 3) be DENIED, and all of Castillo's claims be DISMISSED WITH PREJUDICE.

## V. REVIEW PROCEDURE

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 11, 2012

- 19 -

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's Report and Recommendation was mailed this date to the following:

Jose Pava Castillo, 319799
Maryland Correctional Training Center
18800 Roxbury Road
Hagerstown, MD  21746

Donald E. Jeffrey, III
Senior Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

July 12, 2012